UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY GREEN,

           Plaintiff,

           -against-

BRONX LEBANON HOSPITAL CENTER, et al.,

           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   03/09/26

25-CV-10369 (BCM)

**ORDER REMANDING CASE**

**BARBARA MOSES, United States Magistrate Judge.**

Now before me is the motion of plaintiff Mary Green (Dkt. 20) to remand this medical malpractice action to state court, pursuant to 28 U.S.C. § 1447(c), and for an award of her costs and expenses, including attorneys' fees, incurred in making the remand motion. Defendant BronxCare Health System (BronxCare), also sued as Bronx Lebanon Hospital Center,[1] does not oppose remand, but objects to any monetary award. For the reasons that follow, this action will be remanded to state court, but no fees will be awarded.

## Background

Plaintiff filed this action on April 16, 2024, in the Supreme Court of the State of New York, Bronx County, against BronxCare, Aruna Mishra, M.D., and Carolina Martinez, M.D., alleging, *inter alia*, that defendants failed to monitor and timely treat plaintiff's "persistent fibroids . . . resulting in an ultimate diagnosis of plaintiff's uterine leiomyosarcoma." Compl. ¶ 53. Plaintiff asserts claims of medical malpractice, *id*. ¶¶ 46-63, lack of informed consent, *id*., ¶¶ 64-67, and negligent hiring, training, and retention. *Id*. ¶¶ 68-73.

---

[1] BronxCare Health System was "formerly known as Bronx Lebanon Hospital[.]" *Johnson v. City of New York*, 2021 WL 4896477, at *1 (S.D.N.Y. Aug. 23, 2021), *adopted,* 2021 WL 4479384 (S.D.N.Y. Sept. 30, 2021).

On December 4, 2025, the United States certified that defendants Mishra and Martinez (the Federal Defendants) were "employees of the United States Public Health Service" and "acting within the scope of their employment for purposes of the claims asserted against them," such that they are "deemed to be employees of the United States Public Health Service under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, for the medical care provided that is at issue in this lawsuit." (Dkt. 1-2.) On December 15, 2025, noting that the Federal Tort Claims Act (FTCA) provides the "exclusive remedy" with respect to plaintiff's claims against the Federal Defendants, Drs. Mishra and Martinez removed the action to this Court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2). (Dkt. 1 ¶¶ 4-5.)

On January 6, 2026, the parties consented to my jurisdiction for all purposes. (Dkt. 10.) On February 5, 2026, the United States requested a pre-motion conference regarding its anticipated motion to dismiss this action because plaintiff failed to exhaust her administrative remedies, as required by the FTCA, before suing the Federal Defendants. (Dkt. 15.) At the pre-motion conference, held on February 12, 2026, plaintiff and the United States (substituted as a defendant in place of Drs. Mishra and Martinez) stipulated to a dismissal without prejudice of plaintiff's claims against the United States. (Dkt. 17.) That same day, the Court directed plaintiff to submit a stipulation or a motion to remand the case to state court no later than February 17, 2026, because the dismissal of the United States left the Court "without subject-matter jurisdiction over plaintiff's remaining claims." 2/12/26 Order (Dkt. 18) at 1.

## Plaintiff's Motion

Plaintiff filed her remand motion on February 20, 2026, supported by a memorandum of law (Pl. Mem.) (Dkt. 21), in which she argues that, since she has alleged purely state law claims against BronxCare, and since the parties are not diverse, remand is mandatory under 28 U.S.C.

2

§ 1447(c). Def. Mem. at 1-2.[2] Additionally, plaintiff requests an award of her costs and expenses incurred in filing the motion, including reasonable attorneys' fees, because – she asserts – BronxCare "declined to stipulate to remand" even after it became clear that there was no longer any basis for federal jurisdiction. *Id*. at 3.

BronxCare submitted its responding brief on February 27, 2026, advising the Court that it "does not oppose remanding the remaining state law claims in this matter to state court and otherwise acknowledge[s] that the Court currently lacks subject matter jurisdiction," but opposes plaintiff's request for costs and expenses. Def. Mem. at 2. The Court gave plaintiff a deadline of March 2, 2026 for her optional reply (*see* Dkt. 22), but plaintiff did not submit any further papers.

### Analysis

As plaintiff acknowledges, this case was properly removed "under the FTCA." *See* Pl. Mem. at 3. However, "[o]nce the United States was dismissed, there was no federal claim remaining in this action," *id*., and no other basis upon which this Court could assert subject matter jurisdiction. BronxCare agrees. *See* Def. Mem. at 2. Accordingly, remand is now required pursuant to § 1447(c), which states, in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Courts in this district (as elsewhere) routinely remand medical malpractice cases in this posture. *See, e.g.*, *Spina v. Lu Feng Liu*, 541 F. Supp. 3d 426, 434 (S.D.N.Y. 2021) (remanding case to state court after "the dismissal of the United States eliminated the only properly established basis for [federal] subject matter jurisdiction"); *Porter v. Hirsch*, 345 F. Supp. 2d 400, 403 (S.D.N.Y. 2004) (remanding because "[d]ismissal of the claims against the United States [due to plaintiff's failure

---

[2] As a precaution, plaintiff also seeks enlargement of time to move to remand under Fed. R. Civ. P. 6(b)(1)(B), *nunc pro tunc*, "[t]o the extent the Court determines that time to move to remand has elapsed." Pl. Mem. at 2.

to exhaust administrative remedies under the FTCA] dissolves the sole basis for this Court's exercise of subject matter jurisdiction over the claims against the remaining defendants").

When a federal court remands a case for lack of subject matter jurisdiction, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, the Supreme Court has made it clear that awards under § 1447(c) "turn on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. Here, the removing parties were the Federal Defendants, not BronxCare. Moreover, as plaintiff concedes, *see* Pl. Mem. at 3, the Federal Defendants did not merely have an "objectively reasonable basis" for removal at the time; they were entitled to remove. "The question thus becomes whether this case presented 'unusual circumstances'" sufficient to justify an award of fees against BronxCare. *City of New York v. Exxon Mobil Corp.*, 154 F.4th 36, 47-48 (2d Cir. 2025) (affirming award against defendant Exxon under § 1447(c) where Exxon steadfastly opposed remand, even after "its arguments opposing remand had been rejected by eight circuits – the First, Third, Fourth, Fifth, Eighth, Ninth, and Tenth as well as by this Court in *Connecticut* [*v. Exxon Mobil Corp.*, 83 F.3d 122 (2d Cir. 2023)] – and by at least eleven district courts").

Plaintiff argues that she is entitled to a fee award because she "attempted to resolve this issue without motion practice," but BronxCare repeatedly declined to stipulate to remand. Pl. Mem. at 3. However, this characterization is not entirely consistent with the parties' email correspondence. BronxCare did indeed decline to stipulate to remand on February 11, 2026. *See* Def. Mem. Ex. A (Dkt. 23-1) at 2-3. However, this was prior to the February 12 conference at

which the claims against the United States were dismissed. There is no evidence that BronxCare remained intransigent after the February 12 conference. Indeed, as plaintiff concedes, she missed the February 17 deadline set by this Court for her to file a stipulation or motion to remand, *see* 2/12/26 Order at 1, because her current counsel first appeared after that Order was entered and "did not receive ECF notification thereof." Pl. Mem. at 3. Two days later, on the evening of Thursday, February 19, plaintiff's counsel (having by then reviewed the docket) inquired with BronxCare whether, "[i]n light of the Court's directive," BronxCare was now "amenable to executing a stipulation remanding this matter back to Bronx Supreme Court." Def. Mem. Ex. A at 2. The following morning, at 9:37 a.m., counsel forwarded a proposed form of remand stipulation. *Id*. at 1-2. An hour later, at 10:59 on Friday morning, BronxCare's counsel responded as follows: "I am following up with my client. I will let you know as soon as I hear back. I am in a deposition for most of the day today, so it may be Monday." *Id*. at 1. Apparently unwilling to wait over the weekend, plaintiff filed her remand motion at 5:12 that afternoon.

The Court is sympathetic to plaintiff's need to pursue her claims swiftly. *See* Pl. Mem. at 3 (noting that "time is of the essence," because she is terminally ill). However, BronxCare did not conduct itself unreasonably under the circumstances. Moreover, the Supreme Court has cautioned that when a district court exercises its discretion to depart from the "general rule," its reasons for doing so "should be faithful to the purposes of awarding fees under § 1447(c)," which are "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter." *Martin*, 546 U.S. at 140-11 (internal quotation marks omitted). Awarding fees here would not advance those purposes. Consequently, although the Court excuses plaintiff's three-day delay in filing her remand motion, it declines to depart from the "general rule" under § 1447(c), and will

not award fees against BronxCare simply because it failed to respond immediately to plaintiff's February 19 request for a remand stipulation.

Nor is there any other basis for a fee award in this case.

### Conclusion

For the reasons set forth above, plaintiff's motion (Dkt. 20) is GRANTED IN PART. The Clerk of Court is respectfully directed to REMAND this case to the Supreme Court of the State of New York, Bronx County.

Dated:  New York, New York        **SO ORDERED**.
       March 9, 2026

**BARBARA MOSES**
**United States Magistrate Judge**

6